**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1051
_____

JAIME ABRAHAM BALTAZAR-SANCHEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A213-090-941)
Immigration Judge: Immigration Judge Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2019

Before: KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Baltazar-Sanchez, a Guatemalan citizen, entered the United States in September 2015 and overstayed his visa. In October 2017, the Government served him with a notice to appear charging him with removability under 8 U.S.C. § 1227(a)(1)(B). Baltazar-Sanchez sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming that he would be persecuted and tortured at the hands of the MS-13 gang if forced to return to Guatemala. The Immigration Judge (IJ) denied relief and the Board of Immigration Appeals (BIA) dismissed Baltazar-Sanchez's appeal.

Baltazar-Sanchez moved the BIA for reconsideration. He argued that the IJ lacked jurisdiction to decide his removability because his notice to appear had been defective under Pereira v. Sessions, 138 S. Ct. 2105, 2113-14 (2018). The BIA rejected this argument and denied the motion for reconsideration. Baltazar-Sanchez petitions for review.[1]

We will deny relief. In Pereira, the Supreme Court held that a notice to appear that omits the time and place of a hearing does not qualify as a "notice to appear under section 1229(a)" for purposes of the cancellation-of-removal statute's stop-time rule. 138 S. Ct. at 2113–14. Baltazar-Sanchez contends that because his notice to appear omitted the same information, it is invalid and thus does not qualify as a 'charging document,' vesting jurisdiction in the IJ under 8 C.F.R. § 1003.14. He further argues that a subsequent notice of hearing containing that information is insufficient to cure the

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because Baltazar-Sanchez's jurisdictional challenge is a purely legal one, our review is plenary. See Chiao Fang Kuv. Att'y Gen., 912 F.3d 133, 138 (3d Cir. 2019).

jurisdictional defect.  But we addressed and rejected these precise arguments in <u>Nkomo v. Attorney General</u>, 930 F.3d 129, 133-34 (3d Cir. 2019).  For the reasons set forth in that opinion, the omission of the date and time from a notice to appear does not deprive an IJ of jurisdiction to decide removability.  Accordingly, we will deny the petition for review.